**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


DARIUS WESLEY,

      Petitioner,

v.                           Case No. 8:06-cv-1646-T-24MAP

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/


## ORDER

This cause is before the court upon Petitioner Darius Wesley's ("Wesley") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Wesley challenges his 2002 convictions entered by the Tenth Judicial Circuit Court, Polk County, Florida. (Dkt. 1). Respondent has filed a response to the petition (Dkt. 12).[1]

### Background

Wesley was charged in a two count Information dated July 15, 2002, with dealing in stolen property (Count 1) and false verification of ownership to a pawnbroker (Count 2). (Dkt. 9, Ex. 1, Vol. 1, pp. 21-22).[2] Represented by court-appointed counsel, Wesley proceeded to jury trial on November 19, 2002. The jury found Wesley guilty of Counts 1

---

[1]  Wesley did not file a reply to Respondent's response.

[2] Respondent filed with its response the record on direct appeal from the state district court of appeal. (Dkt. 9, Ex. 1).  The page numbers of references to this exhibit correspond to the page numbers located in the bottom right-hand corner of the page.

and 2.  Wesley pursued a direct appeal.  On January 16, 2004, the state district court of appeal, in Case No. 2D03-782, affirmed his convictions and sentence in a *per curiam* decision without written opinion.  (Dkt. 9, Ex. 4).  *See Wesley v. State*, 871 So.2d 234 (Fla. 2d DCA 2004) [Table].  The mandate issued on February 6, 2004.  (Dkt. 9, Ex. 5).  Wesley neither sought rehearing nor filed a petition for writ of certiorari in the United States Supreme Court.

On April 28, 2004,[3] Wesley, proceeding *pro se*, filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850.  (Dkt. 9, Ex. 6).  The state trial court denied the motion on May 13, 2004.  (Dkt. 9, Ex. 6).  Wesley filed his notice of appeal on May 28, 2004.  (Dkt. 9, Ex. 6).  On December 3, 2004, the state district court of appeal *per curiam* affirmed the denial of Wesley's Rule 3.850 motion in Case No. 2D04-2782.  (Dkt. 7, Ex. 8). *See Wesley v. State*, 892 So.2d 488 (Fla. 2d DCA 2004) [Table].  The mandate issued on December 28, 2004.  (Dkt. 9, Ex. 9).

While the appeal of the denial of his Rule 3.850 motion was pending, Wesley filed a motion to correct an illegal sentence pursuant to Fla. R. Crim. P. 3.800(a).  (Dkt. 9, Ex. 10).  The state trial court denied the motion on January 29, 2005.  (Dkt. 9, Ex. 10).  Wesley appealed and the state district court of appeal *per curiam* affirmed the denial in Case No. 2D05-819 on April 22, 2005.  (Dkt. 9, Ex. 10).  *See Wesley v. State*, 902 So.2d 161 (Fla. 2d DCA 2005) [Table].  The mandate issued on May 31, 2005 (Dkt. 9, Ex. 10).

---

[3]   For purposes of calculating the limitations period under the AEDPA, the Court will give Wesley the benefit of the "mailbox rule" and consider his § 2254 petition and documents related thereto as "filed"on the date Pass signed and delivered them to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).  The Court will also give Wesley the benefit of this rule with respect to his state court filings when calculating the limitations period under § 2244(d).

On October 24, 2005, Wesley filed a second Rule 3.800(a) motion to correct an illegal sentence. (Dkt. 9, Ex. 11). The state trial court ordered the State to show cause why relief should not be granted. The State responded and by order entered on February 16, 2006, the state trial court denied Wesley's second Rule 3.800(a) motion. (Dkt. 9, Ex. 11). Wesley appealed and the state district court of appeal *per curiam* affirmed on June 30, 2006. *See Wesley v. State*, 933 So.2d 532 (Fla. 2d DCA 2006) [Table]. The mandate issued on July 20, 2006. (Dkt. 9, Ex. 11).

The instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was delivered to prison authorities for mailing on August 31, 2006. Respondent argues that Wesley's federal habeas petition is time-barred. Upon review, the motion is timely but for the reasons stated herein, the petition must be DENIED.

### Timeliness of Section 2254 Petition

Pursuant to 28 U.S.C. § 2244(d)(1)(A-D), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that periods of time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under Section 2244(d)(1).  Absent demonstration of either the timeliness of a petition pursuant to Section 2244(d) or that the principle of equitable tolling applies in the particular case, an untimely petition must be dismissed by a federal district court.  28 U.S.C. § 2244(d)(1)(A)-(D).  Because Wesley's conviction was entered after enactment of the AEDPA, his petition is subject to the provisions thereof.

Wesley's conviction became final on direct appeal on April 15, 2004, when the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court expired.  *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002); Sup. Ct. R. 13.3.[4]  Thus, the limitation period for filing a federal habeas petition began running the following day on April 16, 2004.  Absent any tolling by a "properly filed" application for state post-conviction relief, Wesley had one year from that date, until April 16, 2005, to file a timely federal habeas corpus petition.

The limitations period was tolled when Wesley filed his Rule 3.850 motion for post-conviction relief in the state trial court on April 28, 2004.  As of that date, 12 days of the one-year limitation period for filing a timely Section 2254 petition had expired.  Because

---

[4] "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Sup. Ct. R. 13.3.

Wesley filed his first Rule 3.800(a) motion while his appeal of the denial of his Rule 3.850 motion was pending, the limitation period remained tolled until May 31, 2005, when the state district court of appeal issued its mandate on the denial of Wesley's first Rule 3.800(a) motion. (Dkt. 9, Ex. 10).  The limitation period commenced to run the following day, June 1, 2005, until October 31, 2005, when Wesley filed his second Rule 3.800(a) motion. Between June 1, 2005, and October 31, 2005, 152 days of the limitation period elapsed.

Respondent contends that Wesley's second Rule 3.800(a) motion does not toll the limitation period because that motion was successive under Florida law.[5]   Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254(d)(2).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  A state court's determination that a state application for post-conviction relief is precluded by a state procedural bar does not render the application improperly filed because "[o]nly individual claims, and not the application containing those claims, can be procedurally defaulted under state law. . . ." *Artuz v. Bennett*, 531 U.S. at 8.  *See also Weekley v. Moore*, 244 F.3d 874 (11th Cir. 2001) (a successive state post-conviction motion was "properly filed" for AEDPA purposes).  A Rule 3.800(a)

---

[5]  In his second Rule 3.800(a) motion, Wesley argued that his sentencing scoresheet was inaccurate because it included a non-existent prior offense.  The state trial court directed the State to show cause why relief should not be granted.  The State responded, arguing that Wesley's motion was procedurally barred and that the record showed that the trial court would have imposed the same sentence regardless of the guidelines score.  The state trial court agreed with the State and incorporated the State's response in its entirety in its order denying Wesley's Rule 3.800(a) motion.  (Dkt. 9, Ex. 11).

proceeding tolls the federal limitation period. *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002).

Contrary to Respondent's contention, Wesley's second Rule 3.800(a) motion tolled the limitation period. Consequently, the period between October 31, 2005, when Wesley filed his second Rule 3.800(a) motion and July 20, 2006, when the state district court of appeal issued its mandate on the denial of the second Rule 3.800(a) motion was tolled. The limitation period commenced to run again on July 21, 2006, until Wesley filed the instant petition on August 31, 2006. A total of 205 days of the one-year limitation period had elapsed as of August 31, 2006.[6] Thus, Wesley's Section 2254 petition is timely.

## Standard of Review

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

---

[6] This calculation derives as follows:

April 15, 2004 (conviction became final on direct review) - April 28, 2004 (filing of Rule 3.850 motion) = 12 days

June 1, 2005 (day after the state district court of appeal issued its mandate on the denial of the first Rule 3.800(a) motion) - October 31, 2005 (filing of second Rule 3.800(a) motion) = 152 days

July 21, 2006 (day after the state district court of appeal issued its mandate on the denial of the second Rule 3.800(a) - August 31,2006 (filing of federal habeas petition) = 41 days

12+152+41=205 days of the 365 one-year federal limitation period

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Wesley v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

The state appellate court affirmed Wesley's convictions and sentences on direct appeal in a *per curiam* decision without a written opinion and affirmed the denial of each

of his subsequent Rule 3.800(a) and Rule 3.850 motions for post-conviction relief on appeal

in three *per curiam* decisions without written opinion.  The state appellate court's *per curiam*

affirmances warrant deference under Section 2254(d)(1) because "the summary nature of

a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278

F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert.*

*denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).

Wesley bears the burden of overcoming a state court factual determination by clear

and convincing evidence.  "[A] determination of a factual issue made by a State court shall

be  presumed  to  be  correct.    The  applicant  shall  have  the  burden  of  rebutting  the

presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

This presumption of correctness applies only to a finding of fact, not a mixed determination

of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046

(2001).  Consequently, a presumption of correctness attaches to the finding of fact in the

trial court's rejection of Wesley's post-conviction claims.

### Exhaustion and Procedural Default

Before a federal court may grant habeas relief, a federal habeas petitioner must

exhaust every available state court remedy for challenging his conviction, either on direct

appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842 (1999).  "[T]he state prisoner must give the state courts an

opportunity to act on his claims before he presents those claims to a federal court in a

habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. at 842.  *See also Henderson v.*

*Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas

relief cannot raise a federal constitutional claim in federal court unless he first properly

8

raised the issue in the state courts.") (citations omitted)).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."  *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003).

A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."  *Pruitt v. Jones*, 348 F.3d at 1358-59 (*quoting O'Sullivan v. Boerckel*, 526 U.S. at 845).  To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim.  *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (*quoting Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief.  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable."  *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).  To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly

in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  *See also Murray v. Carrier*, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions.  *United States v. Frady*, 456 U.S. 152 (1982).  In other words, he must show at least a reasonable probability of a different outcome.  *Henderson v. Campbell*, 353 F.3d at 892; *Crawford  v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. at 495-96; *Henderson v. Campbell*, 353 F.3d at 892.  "A 'fundamental miscarriage of justice' occurs in an extraordinary case where a constitutional violation has resulted in the conviction of someone who is actually innocent."  *Henderson v. Campbell*, 353 F.3d at 892; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).  To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

**Discussion**

**Ground One**

Wesley contends that the State proved at trial only one of the two elements of the offense of dealing in stolen property.  To the extent that Wesley's contention, liberally construed, asserts a sufficiency of the evidence claim, the claim is unexhausted and barred from federal habeas review.  Wesley presented on direct appeal the same claim raised in

Ground One of his federal habeas petition.  In his appellate brief, Wesley characterized the claim as one of trial court error for denial of his motion for judgment of acquittal.

Wesley presented this claim based on state law grounds only and failed to allege the violation of a federal constitutional right.  Consequently, he deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. at 845.  A federal court cannot grant a Section 2254 petition unless the petitioner has exhausted every available state court remedy.  *Snowden v. Singletary*, 135 F.3d at 735. Wesley's exclusively state law arguments presented on direct appeal leave the exhaustion requirement unsatisfied.  *Duncan v. Henry*, 513 U.S. at 365.  *See also Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'").  Ground One remains unexhausted and, therefore, eludes federal review.

Wesley cannot return to state court to present his federal claim.  Because he could have raised and preserved a federal constitutional claim on direct appeal, Wesley was precluded from doing so collaterally in a Rule 3.850 motion.[7]  *See e.g.*, *Childers v. State*, 782 So.2d 946, 947 (Fla. 4th DCA 2001) ("The law is clear that where an issue could have

---

[7]  Wesley subsequently presented the same claim of trial court error as Ground Three of his Rule 3.850 motion.  The state trial court applied a procedural bar and denied relief stating:

> The final ground for relief is insufficient evidence.  This is not a recognized ground for relief under Fla. R. Crim. P. 3.850, but rather should have been raised (if at all) on direct appeal.

(Dkt. 9, Ex. 6).

11

been raised on direct appeal, it is not the proper subject for a Rule 3.850 motion.")
(citations omitted).   The state procedural rules also preclude a second direct appeal.
Consequently, Ground One is procedurally defaulted.

Wesley fails to demonstrate cause and prejudice excusing his default.  *See Smith
v. Jones*, 256 F.3d at 1138.  Wesley has neither alleged nor shown that the fundamental
miscarriage of justice exception applies.  *See Henderson v. Campbell*, 353 F.3d at 892.
Because Wesley fails to proffer specific facts showing an exception to procedural default,
*Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), Ground One is procedurally barred from
federal review.

Even if this claim were not procedurally barred, Wesley would not be entitled to
relief.  Florida courts evaluate a sufficiency of the evidence claim under a legal standard
identical to the standard used by federal courts in deciding federal due process challenges
to the sufficiency of the evidence.   In evaluating such a claim, Florida courts assess
whether, after viewing the evidence in the light most favorable to the State, a rational trier
of fact could have found the existence of the elements of the crime beyond a reasonable
doubt.  *Simmons v. State*, 934 So.2d 1100, 1111 (Fla. 2006); *Lynch v. State*, 293 So.2d 44
(Fla. 1974).  This standard is the same as the federal standard for evaluating a due process
challenge based on the sufficiency of the evidence.  *Jackson v. Virginia*, 443 U.S. 307, 319
(1979) ("[T]he relevant question is whether, after viewing the evidence in the light most
favorable to the prosecution, *any* rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.") (emphasis in original).

The Due Process Clause of the Fourteenth Amendment prohibits a criminal
conviction "except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970).  In a challenge to a state criminal conviction brought pursuant to Section 2254, a petitioner is entitled to habeas relief on a claim of insufficient evidence "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  "[T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt.'" *Jackson v. Virginia*, 443 U.S. at 318-19 (*quoting Woodby v. INS*, 385 U.S. 276, 282 (1966) (emphasis in original)).

Sufficiency of the evidence claims are governed by the substantive elements of a criminal offense as defined by state law.  *Jackson v. Virginia*, 443 U.S. at n. 16.  "Although each element of the offense must be established beyond a reasonable doubt, *see Bishop v. Kelso*, 914 F.2d 1468, 1470 (11th Cir. 1990) (*citing Jackson [v. Virginia]*, 443 U.S. at 316), the State is not required to rule out every hypothesis except that of the guilt of the defendant, *see Jackson [v. Virginia]*, 443 U.S. at 326)."  *Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001).  If the record contains facts supporting conflicting inferences, the jury is presumed to have resolved those conflicts in favor of the State and against the defendant.  *Johnson v. Alabama*, 256 F.3d at 1172.  In other words, federal courts must defer to the judgment of the jury in assigning credibility to the witnesses and weighing the evidence.  *Johnson v. Alabama*, 256 F.3d at 1172 (*citing Jackson v. Virginia*, 443 U.S. at 326).

To prove the crime of dealing in stolen property as charged in Count One of the Information, the State must prove two elements beyond a reasonable doubt:

1.  The defendant trafficked in or endeavored to traffic in the property of another; and

2.  The defendant knew or should have known that the property was stolen.

Fla. Std. Jury Inst. 14.2.   Florida law creates an evidentiary inference that "proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen."   Fla. Stat. § 812.022(2).   "[T]o mute the probative value of the statutory inference, the accused must offer a satisfactory explanation for having possessed the stolen item."   *Haugabrook v. State*, 827 So.2d 1065, 1068 (Fla. 2d DCA 2002) (*quoting Jackson v. State*, 736 So.2d 77, 81 (Fla. 4th DCA 1999)).   If a defendant gives a patently reasonable explanation for his possession of recently stolen goods which is totally unrefuted, and no other evidence of guilt exists, the trial court must direct a judgment of acquittal.   *Coleman v. State*, 466 So.2d 395, 397 (Fla. 2d DCA 1985).   However, if the defendant's explanation is only arguably reasonable or there is any evidence that places it in doubt, the court should allow the jury to make the decision.   *Coleman v. State*, 466 So.2d at 397.

At trial, Jeannie Eddings ("Eddings") testified that on April 25, 2002 she left her home around nine o'clock in the morning.   She returned home around two o'clock that afternoon and discovered that her home had been burglarized (Dkt. 9, Ex. 1, Vol. 1, pp. 19-20). Several items of jewelry were taken during the burglary.   Eddings called police and filed a report listing the items of jewelry that had been stolen.   (Dkt. 9, Ex. 1, Vol. 1, pp. 23-24). At 3:29 p.m. on April 25, 2002, Wesley appeared at Bartow Jewelry and Pawn with several pieces of jewelry that his brother, Akimmie Wesley ("Akimmie"), asked him to pawn for him.

14

(Dkt. 9, Ex. 1, Vol. 1, p. 31; Vol. 2, pp. 104, 106, 111).  Wesley pawned the jewelry for $52.00.  (Dkt. 9, Ex. 1, Vol. 1, p. 34).

Officer George Elliott of the Mulberry Police Department testified that he received a fax from the sheriff's department stating that Wesley had pawned some items.  Officer Elliott asked other officers if they knew of a burglary in which a lot of jewelry had been stolen.  (Dkt. 9, Ex. 1, Vol. 1, p. 60).  Officer Elliott received the report of the Eddings burglary.  Officer Elliott contacted Eddings and asked her to identify her jewelry.  Eddings described the jewelry, including a ring engraved with the initials "D.E.E."  Officer Elliott contacted Bartow Jewelry and Pawn and asked if the jewelry was there.  Officer Elliott then went to Bartow Jewelry and Pawn where he found several pieces of Eddings's jewelry.  (Dkt. 9, Ex. 1, Vol. 1, pp. 60-61).  Eddings's jewelry was the same jewelry Wesley had pawned at Bartow Jewelry and Pawn.

Approximately one month after the burglary, Wesley was arrested.[8]  Officer Elliott and Officer Kenneth Clayton presented Wesley with a copy of the pawn ticket bearing Wesley's name and asked Wesley where he had gotten the jewelry.[9]  (Dkt. 9, Ex. 1, Vol. 1, pp. 63-64).  Wesley gave a number of different answers, stating that he could not remember where he had gotten the jewelry, that he had found the jewelry in his room and that he had pawned the jewelry for a friend.[10]   (Dkt. 9, Ex. 1, Vol. 1, pp. 60-61).

---

[8]  When Officer Kenneth Clayton arrived at Wesley's home to arrest Wesley, Akimmie fled the scene.

[9]  Wesley was also required to produce picture identification and a thumbprint to pawn the jewelry.

[10]  Wesley was advised of his *Miranda* rights.  (Dkt. 9, Ex. 1, Vol. 1, pp. 62-64, 70).  *See Miranda v. Arizona*, 384 U.S. 436 (1966).

The defense called Akimmie, himself a convicted felon, to testify that he had purchased the jewelry from some drug addicts and gave Wesley some of the jewelry to pawn.  Akimmie testified that he purchased the jewelry between 2:30 p.m. and 3 p.m. on April 25, 2002.  (Dkt. 9, Ex. 1, Vol. 1, pp. 114-15).  Wesley was not with Akimmie when Akimmie purchased the jewelry.  Akimmie testified that Wesley was working on April 25, 2002, and did not get off from work until after 6p.m..  (Dkt.9, Ex. 1, Vol. 1, p. 114).  Akimmie further testified that he told Wesley he had gotten the jewelry from Akimmie's girlfriend.  (Dkt. 9, Ex. 1, Vol. 2, p. 118).

Wesley moved for judgment of acquittal at the close of the State's case,[11] arguing that the State failed to prove that Wesley knew or should have known that the jewelry was stolen.  (Dkt. 9, Ex. 1, Vol. 1, pp. 75-76).  The state trial court denied the motion.  (Dkt. 9, Ex. 1, Vol. 1, p. 76).  In his closing argument, Wesley contended that he did not know the jewelry was stolen.

Wesley's defense was "arguably reasonable."  *See Coleman v. State*, 466 So.2d at 397.  However, based on the evidence adduced at trial, including Wesley's possession and pawning of Eddings's stolen jewelry within hours of the burglary, Wesley failed to overcome the statutory inference that knew or should have known that the property had been stolen.  *See* Fla. Stat. § 812.022(2).  *See also State v. Graham*, 238 So.2d 618, 621 (Fla. 1970) ("Proof of possession [of recently stolen property], should be coupled with evidence of unusual manner of acquisition, attempts at concealment, contradictory statements, the fact

---

[11] Wesley renewed his motion for judgment of acquittal in a written motion filed on January 15, 2003. (Dkt. 9, Ex. 1, Vol. 1, p. 26).

that the goods were being sold at less than their value, possession of other stolen property, or other incriminating evidence and circumstances.").

Florida law provides that a motion for judgment of acquittal will be granted "[i]f, at the close of the evidence for the state or at the close of all the evidence in the case, the court is of the opinion that the evidence is insufficient to warrant a conviction." Fla. R. Crim. P. 3.380(a). The State presented sufficient evidence to support Wesley's conviction for dealing in stolen property. Consequently, Wesley fails to show the trial court erred in denying his motion for judgment of acquittal.

Wesley likewise fails to show a due process violation based on insufficient evidence. Viewing the State's evidence of Wesley's guilt in the light most favorable to the State and using the objective reasonableness test, a rational trier of fact could find Wesley dealt in stolen property. *See Jackson v. Virginia*, 443 U.S. at 319; *Simmons v. State*, 934 So.2d at 1111. The state appellate court's affirmance[12] of Wesley's conviction for this offense was neither an unreasonable application of controlling Supreme Court precedent or an unreasonable determination of the facts.

**Ground Two**

Wesley contends that he was sentenced based on an incorrect sentencing scoresheet. Specifically, Wesley argues that his scoresheet incorrectly included a sexual battery charge. To the extent that Wesley challenges the state trial court's application of the Florida sentencing guidelines, his claim is not cognizable in a federal habeas petition.

---

[12] The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d at 1254.

*See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). *See also Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). In the area of state sentencing guidelines, a federal court cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citations omitted). To the extent that Wesley's sentence falls within the parameters set out by the Florida legislature as punishment for his offenses, absent some other conduct implicating an infringement of his federal constitutional rights, Wesley cannot obtain federal habeas relief on Ground Two.

Wesley fails to meet the threshold requirements of Section 2254(a) because he fails to allege the violation of any federal constitutional right resulting from the allegedly incorrect sentencing scoresheet. Wesley presented his claim to the state trial court in his Rule 3.800(a) motion in state law terms only. Consequently, even construing Wesley's petition liberally, any federal claim based on these allegations is unexhausted. Wesley cannot return to state court to present the claim because the state procedural rules preclude both a second direct appeal and successive state post-conviction motions. This claim is procedurally defaulted. Wesley fails to demonstrate cause and prejudice excusing his default, and neither alleges nor shows that the fundamental miscarriage of justice exception applies. *See Smith v. Jones*, 256 F.3d at 1138; *Henderson v. Campbell*, 353 F.3d at 892. Because Wesley fails to proffer specific facts showing an exception to procedural default, Ground Two is procedurally barred from federal review.

**Grounds Three and Four**

In Ground Three, Wesley contends that he received an unfair trial and ineffective assistance of counsel.  In Ground Four, Wesley contends that he requested "mitigation on the grounds [that] my charges [were] nonviolent."  (Dkt. 1, p. 9).  Neither of these claims warrant federal habeas relief.

In Ground Three, Wesley asserts that he asked his attorney if he could have people of his own race (i.e., African-American) on his jury and that his attorney advised him "that it would be best if [he] didn't."  Wesley admits in his federal habeas petition that he did not present either a claim that he received an unfair trial or a claim of ineffective assistance of counsel on direct appeal or in any state post-conviction motion or petition for writ of habeas corpus.  Wesley cannot return to state court to present these claims because the state procedural rules preclude both a second direct appeal and successive state post-conviction motions.  These claims are procedurally defaulted.  Wesley fails to demonstrate cause and prejudice excusing his default, and neither alleges nor shows that the fundamental miscarriage of justice exception applies.  *See Smith v. Jones*, 256 F.3d at 1138; *Henderson v. Campbell*, 353 F.3d at 892.  Consequently, Ground Three is procedurally barred from federal review.

Review of Ground Four is also precluded.  Wesley asserts that he presented this mitigation claim in a motion for reduction or modification of sentence.[13]  However, to the extent that Wesley alleges that the state trial court improperly denied application of any

---

[13]  A copy of Wesley's motion for reduction or modification of sentence is not included in the record. However, a review of the online docket for the Clerk of Court, Polk County, Florida, shows that Wesley filed a "motion for mitigation and reduction of sentence" in March 2004 in Case No. CF02-03553A-XX.  *See*: http://www.polkcountyclerk.net/RecordsSearch/CriminalRecords.aspx.  The state trial court denied the motion on March 12, 2004.

mitigation in determining his sentence under the state sentencing guidelines, Wesley cannot obtain federal habeas relief.  Wesley presents no claim of a violation of a federal constitution right.  This claim presents a matter of state law only and is not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. at 67; *Carrizales v. Wainwright*, 699 F.2d at 1054-55.  Consequently, Ground Four warrants no federal habeas relief.

Accordingly, the Court orders:

That Wesley's Section 2254 petition is denied, with prejudice.  The Clerk is directed to enter judgment against Wesley and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  *Id.*  "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

20

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 8, 2008.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Darius Wesley